UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                           | ) |                                  |
|---------------------------|---|----------------------------------|
| UNITED STATES OF AMERICA  | ) |                                  |
|                           | ) |                                  |
| v.                        | ) | Criminal Action No. 13-328 (RBW) |
|                           | ) |                                  |
| LEONARD FORREST,          | ) |                                  |
|                           | ) |                                  |
| Defendant.                | ) |                                  |
|                           | ) |                                  |

## MEMORANDUM OPINION

The defendant, Leonard Forrest, is currently serving a seventy-month term of imprisonment that was imposed by this Court following his plea of guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a).  See Plea Agreement at 1 (Dec. 11, 2014); Judgment in a Criminal Case at 3 (Mar. 6, 2015).  Currently pending before the Court are the defendant's pro se motions for Post[-]Conviction Relief, 18 U.S.C. [§] 21[]13 ("Def.'s Pet." or "Petition") and his Demand for a Speedy Disposition Review ("Def.'s Demand"), as well as the United States' Motion to Transfer Petitioner's Pro Se Post Conviction Relief Pursuant to 18 U.S.C. § 2113 ("Gov't's Mot."), which requests that this Court transfer the defendant's submissions to the United States District Court for the Southern District of Indiana (the "Southern District of Indiana"), see Gov't's Mot. at 1.  Upon consideration of the parties' submissions,[1] the Court concludes that it must order further briefing from the parties before rendering a decision on the parties' motions.

---

[1] In analyzing the issues presented in this memorandum opinion, the Court considered the following submissions: (1) the Letter from Leonard Forrest to the Court ("Def.'s Resp.") (Mar. 5, 2018), ECF No. 32; (2) the Defendant's Motion for Clarity Concerning United States' Motion to Transfer Petitioner's Pro Se Post Conviction Relief Pursuant to 18 U.S.C. § 2113 ("Def.'s Mot. for Clarity"), ECF No. 33; and (3) the Letter from Leonard Forrest to the Court ("Def.'s Supp. Resp.") (Apr. 9, 2018), ECF No. 34.

## I. BACKGROUND

The defendant is currently serving his term of imprisonment at a federal penitentiary in Terre Haute, Indiana. See Gov't's Mot., Exhibit ("Ex.") A (Bureau of Prisons Inmate Locator Results for Leonard Forrest) (showing that the defendant is incarcerated at the Federal Bureau of Prisons in Terre Haute, Indiana). At the time of his arrest for the conduct underlying the criminal charges in this case, the defendant was on parole for prior criminal convictions under District of Columbia law. Compare Criminal Complaint, Ex. 1 (Statement of Facts) at 1 (indicating that the defendant was arrested on December 6, 2013), with Presentence Investigation Report at 19 (Feb. 19, 2015) (indicating that the defendant was paroled in connection with the District of Columbia convictions on May 10, 2013, with a parole expiration date of December 25, 2020). Consequently, on February 21, 2014, "a parole violator warrant was issued [by the United States Parole Commission (the "Commission")] . . . , and [was] lodged as a detainer with the United States Marshal[]s Service" (the "February 21, 2014 detainer"). Id. at 19.[2]

The defendant alleges that on or about August 9, 2016, he submitted a request to the Commission for removal of the February 21, 2014 detainer. See Def.'s Demand, Ex. 1 (Affidavit of Leonard Forrest (Nov. 16, 2017) ("Forrest Aff.")) at 1. He further alleges that on October 12, 2016, the Commission responded to his request by letter, in which it "acknowledge[d] [ ] that [it] had received the [request]" and informed him that the request had been "forwarded to the Case Service Office." Id., Ex. 1 (Forrest Aff.) at 1.[3] The letter also

---

[2] Neither party has provided the Court with documentation of the February 21, 2014 detainer.

[3] The defendant did not attach to any of his submissions a copy of the letter he alleges he received from the Commission on October 12, 2016, see Def.'s Demand, Ex. 1 (Forrest Aff.) at 1, and therefore, the Court can classify the defendant's representations regarding the letter's contents as only allegations.

2

allegedly "stated . . . that a decision would be made [by the Commission] within [forty-five] days." Id., Ex. 1 (Forrest Aff.) at 1. Additionally, it appears that the defendant also "request[ed] a hearing in order to remove the detainer." See Def.'s Pet. at 20 (attachment to the defendant's petition is a letter purporting to be from the defendant to the Commission, but not reflecting a date or otherwise indicating that it was actually sent).[4]

On October 4, 2016, the defendant filed his Petition in this Court, representing that "because . . . [the February 21, 2014] detainer w[as] not removed, [he is] not eligible for home-confinement [or] community release/halfway house [placement,] which would greatly assist [him] in returning as a productive member of society." Id. at 1.[5] Thereafter, on December 12, 2017, the defendant filed his Demand for a Speedy Disposition Review, in which he requests that the Court order the Commission "to recall/dismiss/withdraw/close the warrant pending against him" on the grounds that the detainer "is greatly interfering with [his] rehabilitation efforts," "[h]is ability to participate in [Bureau of Prisons] programs and educational classes," and his "eligib[ility] for home confinement or . . . to be moved to a lower custody facility." Def.'s Demand at 1–2. In his affidavit, the defendant additionally asserts that the Commission should remove the February 21, 2014 detainer in light of the fact that more than forty-five days have passed since the Commission sent him the October 12, 2016 letter acknowledging receipt of his

---

[4] Because the defendant's Petition and the documents attached to it were placed on this Court's docket as a single document, the Court cites to the defendant's Petition when citing to its attachments. Furthermore, because the defendant did not insert page numbers on his Petition, the page numbers cited by the Court when referencing the defendant's Petition are the automatically-generated page numbers assigned to the Petition by the Court's ECF system.

[5] The defendant refers to multiple "warrants" in his Petition, see Def.'s Pet. at 1, but he has not identified these warrants, and the Court is only aware of the parole violator detainer issued against him on February 21, 2014, see Presentence Investigation Report at 19.

3

request. See id., Ex. 1 (Forrest Aff.) at 1. The government having not responded to either of the defendant's submissions, the Court, on December 18, 2017, ordered the government to respond. See Order at 1 (Dec. 18, 2017), ECF No. 28. In compliance with the Court's Order, the government filed a motion requesting that the Court transfer the defendant's claims to the Southern District of Indiana. See Gov't's Mot. at 1.

## II. DISCUSSION

The government argues that because the defendant's "claim[s] relate[] solely to the execution of [his] sentence and seek[] to shorten the duration of his confinement, [they] must be raised through a petition for a writ of habeas corpus." Id. at 2. It further argues that because the defendant "was at the time of filing confined . . . in Terre Haute, Indiana, and . . . remains confined there today, [his] . . . petition cannot be considered by this Court[] because this Court lacks personal jurisdiction over the 'person having custody of the person detained,' as required by 28 U.S.C. § 2241 [(2016)]." Id. at 3 (collecting cases). In response to the government's motion, the defendant argues that "having a detainer removed has nothing to do with post[-]conviction relief" because it "does not get [him] out of prison sooner than [seventy] months," see Def.'s Resp. at 1, and that the Court may properly hear his claims because he is "from the [D]istrict of Columbia[,] [ ] the U.S. Parole Commission is in Washington[,] D.C.[,] and [he] will be returning to Washington[,] D.C.," Def.'s Supp. Resp. at 1.

As an initial matter, the Court concludes that it need not resolve at this time the issue of whether the defendant's request for removal of the February 21, 2014 detainer may only be raised in a habeas petition, because although the defendant insists that his request for removal of the detainer "has nothing to do with post[-]conviction relief," Def.'s Resp. at 1, he has not

4

provided the Court with any legal authority that would otherwise permit the Court to grant or even consider the relief he is requesting.[6] Thus, no other legal authority that would permit the Court to consider the defendant's request is readily apparent to the Court. Because a habeas petition under 28 U.S.C. § 2241 is an available and appropriate remedy for the defendant's challenge to the detainer, see, e.g., United States v. Stewart, 148 F. Supp. 3d 38, 41 (D.D.C. 2015) (recognizing that "[a]n inmate may seek habeas [relief under § 2241] to challenge a detainer lodged against him by an authority that would be his future custodian should the detainer be honored" (citing Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 486–87, 488–89, 500–01 (1973))), at least two other potential causes of action are foreclosed, including a petition for a writ of mandamus, see Chatman-Bey v. Thornburgh, 864 F.2d 804, 806 (D.C. Cir. 1988) ("Because . . . habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie."), or a claim under the Administrative Procedure Act ("APA"), see Stern v. Fed. Bureau of Prisons, 601 F. Supp. 2d 303, 305 (D.D.C. 2009) (concluding that the availability of habeas relief under § 2241 precluded an APA claim because "the APA does not allow a claim unless 'there is no other adequate remedy in a court'" (internal quotation marks omitted)). Therefore, in the absence of any other basis for considering the defendant's request, the Court will construe the defendant's request as a

---

[6] The defendant's Petition also "ask[s] this [C]ourt for compassionate relief," Def.'s Pet. at 1, which the defendant has clarified as a request for modification of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) (2016), see Def.'s Mot. for Clarity at 2. However, as the government notes, see Gov't's Mot. at 2 n.1, § 3582(c)(1)(A) only permits a court to "modify a term of imprisonment . . . upon motion of the Director of the Bureau of Prisons," 18 U.S.C. § 3582(c)(1)(A) (emphasis added). No such motion from the Director having been filed with this Court, the Court lacks authority to modify the defendant's term of imprisonment pursuant to § 3582(c)(1)(A).

5

petition for habeas relief pursuant to § 2241.[7]

Having construed the defendant's request for removal of the detainer as a request for habeas relief, the Court must determine whether this Court is the proper forum to consider that request. The government is correct that in general, the proper respondent in a prisoner's habeas challenge is a prisoner's immediate custodian, see Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004); see also Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998), and district courts "may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004). However, the Supreme Court has instructed that "a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as [a] respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" Padilla, 542 U.S. at 438.

Based on this Court's review of relevant case law, whether a challenge to a detainer constitutes a challenge to present physical custody, as opposed to some other form of custody, depends on the nature of the challenge. Specifically, if a prisoner seeks to attack the "[e]ffect of a detainer," i.e., "the adverse impact created by the immediate custodian's imposition of a special 'form of custody' on the prisoner as a result of the filing of the detainer," Norris v. Georgia, 522

---

[7] The Court notes that its decision to construe the defendant's request for removal of the detainer as a habeas petition does not conflict with the notice requirement imposed by the District of Columbia Circuit in Chatman-Bey, which requires that "prior to sua sponte transfer" of a habeas claim under § 2241, the Court must "provide the habeas petitioner with both notice of the [ ] Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction." 864 F.2d at 814. Here, the defendant has had "ample opportunity to 'set forth reasons why the case can (and should) properly be heard in this jurisdiction' by way of responding to the [government's] motion to transfer," and therefore "no further notice to the [defendant] is required." Stern, 601 F. Supp. 2d at 307 (quoting Chatman-Bey, 864 F.2d at 814). In any event, for the reasons explained in this memorandum opinion, the Court will not transfer the defendant's request at this time, but will require further briefing from the parties, which will provide the defendant with yet another opportunity to oppose the Court's characterization of his claim and any transfer of that claim.

6

F.2d 1006, 1011 (4th Cir. 1975), the prisoner is challenging his present physical confinement, and therefore, his challenge must be brought against his immediate custodian in "a federal district court in the state or district of confinement," id. at 1010 (citing Nelson v. George, 399 U.S. 224 (1970)); see also Morris v. United States, Civ. Action No. 10-717, 2013 WL 5230635, at *5 (S.D. W. Va. Sept. 16, 2013) (recognizing that the federal district court in the district of confinement is the proper forum for a habeas challenge to the effect of a detainer, but ultimately dismissing as moot a petitioner's challenge to the effect of a South Carolina detainer due to the petitioner's release from federal custody).

By contrast, if a prisoner seeks to attack the "[v]alidity of [the] detainer," e.g., he seeks to attack "the detainer's underlying criminal charges or conviction," Norris, 522 F.2d at 1011, he raises a challenge to future physical confinement pursuant to the detainer, and the proper respondent is not necessarily the prisoner's present physical custodian, but may be "the entity or person who exercises legal control with respect to" the detainer, see Padilla, 542 U.S. at 438; see also Braden, 410 U.S. at 486–87, 499–501 (in an Alabama state prisoner's challenge to a Kentucky state detainer on the ground that the indictment underlying the detainer was invalid, concluding that the prisoner had properly named as the respondent the Kentucky court in which the detainer was lodged); see also id. at 499 (recognizing that "the [immediate] custodian [ ] is presumably indifferent to the resolution of the prisoner's attack on the detainer"). As the Supreme Court in Braden recognized, although "concurrent jurisdiction" may exist, the "federal district court in the district of confinement . . . will not in the ordinary case prove as convenient as the district court in the [s]tate which has lodged the detainer." 410 U.S. at 499 n.15. Consistent with Braden and Padilla, several other members of this Court have concluded that the

7

proper respondent in a prisoner's challenge to the validity of a detainer "is the authority that issued the detainer." See Stewart, 148 F. Supp. 3d at 41 (in a prisoner's challenge to a Commission detainer on the ground that the underlying parole violation warrant was defective, concluding that "the Commission [wa]s a proper custodian [ ] since the Commission is the authority that issued the detainer"); see also Kuei Sen-Tung v. United States, 755 F. Supp. 18, 19 (D.D.C. 1991) (in a federal prisoner's challenge to a California state detainer on the ground that the underlying state sentence violated an extradition treaty, concluding that "the official who issued the detainer in California [wa]s deemed the plaintiff's custodian for purposes of attacking the detainer"); Terry v. U.S. Parole Comm'n, 741 F. Supp. 282, 282–83 (D.D.C. 1990) (in a state prisoner's challenge to a Commission detainer on the ground that the Commission "failed to provide him with a proper parole revocation hearing," concluding that the proper respondent "[wa]s the detainer-lodging entity with the most immediate control over the length of his federal detainer: the [ ] Commission"). But see Evans v. U.S. Marshals Serv., 177 F. Supp. 3d 177, 179, 181–82 (D.D.C. 2016) (in an Ohio state prisoner's challenge to a United States Marshals Service detainer on the ground that the detainer was "placed against him without notice," concluding that the proper respondent was the prisoner's Ohio custodian because the prisoner did "not argu[e] that the detainer would lead to [the Marshals Service] taking custody of him[, but] claim[ed] only that it might cause Ohio to delay his release," and "any additional detention stemming therefrom w[ould] occur in Ohio"); Thomas v. Fulwood, 128 F. Supp. 3d 341, 345–46 (D.D.C. 2015) ("construing [a prisoner's] challenge to [a] detainer as [a] request for 'relief from confinement that is or will be imposed sometime in the future,'" but ultimately concluding that the proper respondent to that challenge was the prisoner's immediate custodian (quoting Boyer v. U.S. Dist.

8

Court, Civ. Action No. 89-3401, 1990 WL 91533, at *1 (D.D.C. June 19, 1990))).

Here, it is clear that the defendant seeks to challenge the effect of the February 21, 2014 detainer on his current detention. See Def.'s Demand at 1–2 (alleging that the detainer "is greatly interfering with [his] rehabilitation efforts," "[h]is ability to participate in [Bureau of Prisons] programs and educational classes," and his "eligib[ility] for home confinement or . . . to be moved to a lower custody facility"); see also Def.'s Resp. at 2 (asserting that "because of the detainer the prison will not go any fu[r]ther with [his] request [for the reduction of his sentence]"). Therefore, the Court concludes that the proper respondent as to this aspect of the defendant's challenge to the detainer is his current custodian, see Norris, 522 F.2d at 1010, the warden of the Indiana facility where he is incarcerated, see Gov't's Mot., Ex. A (Bureau of Prisons Inmate Locator Results for Leonard Forrest). And, because this Court lacks territorial jurisdiction over that custodian, the government is correct that this Court is not the proper forum for this aspect of the defendant's challenge. See Stokes, 374 F.3d at 1239. Rather, the proper forum is the district of the defendant's confinement, see Padilla, 542 U.S. at 444 ("In habeas challenges to present physical confinement, . . . the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent."), which is the Southern District of Indiana, where the warden and the Terre Haute facility are located, see Terre Haute, U.S. Dist. Court for the S. Dist. of Ind., http://www.insd.uscourts.gov/content/terre-haute (last visited June 7, 2018) (indicating that the Southern District of Indiana serves the city of Terre Haute and the county in which it is located).

Notwithstanding the Court's conclusion that it lacks jurisdiction over the defendant's habeas challenge to the effect of the detainer, the Court does not find it appropriate to transfer the

9

challenge to the Southern District of Indiana at this time. Construing the pro se defendant's submissions liberally, as the Court must, see Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009) ("[P]ro se [pleadings] . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007))), it appears for several reasons that the defendant raises additional claims that may be properly before this Court, and which the government did not address in its motion to transfer.

First, it appears that the defendant's habeas challenge also seeks to attack the validity of the detainer, as his submissions reference at least two alleged procedural flaws that preclude the detainer from remaining in effect. See Def.'s Demand, Ex. 1 (Forrest Aff.) at 1 (asserting as grounds for removal of the detainer the number of days that have passed since the Commission allegedly acknowledged the detainer in its October 12, 2016 letter to the defendant); see also Def.'s Pet. at 20 (referencing the defendant's "request [for] a hearing" on the February 21, 2014 detainer). As already explained, the proper respondent as to a prisoner's habeas challenge to the validity of a detainer may be "the authority that issued the detainer," Stewart, 148 F. Supp. 3d at 41, which, in this case, is the Commission. The government has not argued that the Commission is outside of this Court's territorial jurisdiction, and there is seemingly no reason to conclude that the Commission is beyond this Court's jurisdictional reach. See Stewart, 148 F. Supp. 3d at 41 (concluding that this Court had jurisdiction over a prisoner's challenge to the validity of a detainer issued by the Commission because the Commission is "located in this [D]istrict, and the [government] d[id] not contest—thus waive[d]—th[e] Court's personal jurisdiction over the Commission concerning the habeas claim"). Nor has the government argued that this District is an inconvenient or otherwise inappropriate forum for such a challenge. Therefore, the Court

cannot conclude at this time on the existing record that it lacks jurisdiction to hear the defendant's habeas challenge to the detainer's validity.

Second, it appears that the defendant's Demand for Speedy Disposition Review, as its title implies, seeks to compel the Commission to conduct a disposition review of the February 21, 2014 detainer, see Def.'s Demand, Ex. 1 (Forrest Aff.) at 1 (asserting as grounds for removal of the detainer the number of days that have passed since the Commission allegedly acknowledged the detainer in its October 12, 2016 letter to the defendant). Under 18 U.S.C. § 4214(b)(1), when

> a parole revocation warrant . . . [is] placed against [a parolee] as a detainer[, s]uch detainer shall be reviewed by the Commission within one hundred and eighty days of notification to the Commission of placement. The parolee shall receive notice of the pending review, have an opportunity to submit a written application containing information relative to the disposition of the detainer, and, unless waived, shall have counsel as provided in subsection (a)(2)(B) of this section to assist him in the preparation of such application.

18 U.S.C. § 4214(b)(1) (2012); see also Gill v. Stansberry, Civ. Action No. 08-998, 2009 WL 2567010, at *5 (E.D.V.A. Aug. 18, 2009) ("[T]he Parole Commission has no duty to do anything other than . . . hold a dispositional review of the detainer that it has placed."). "Following the disposition review, the Commission may[] [ ] let the detainer stand; or [ ] withdraw the detainer." 18 U.S.C. § 4214(b)(3).[8]

The proper vehicle to employ to compel the Commission to comply with the procedural requirements of § 4214 is a writ of mandamus pursuant to 28 U.S.C. § 1361, not a writ of habeas corpus. See Davis v. U.S. Parole Comm'n, 47 F. Supp. 3d 64, 67 (D.D.C. 2014) (concluding that

---

[8] Although § 4214 has been repealed, the repeal does not become effective until November 1, 2018. See 18 U.S.C. § 4214. Therefore, this provision remains in effect as of the date of this Order.

11

"the appropriate remedy for a delayed parole revocation hearing [under 18 U.S.C. § 4214(c)] 'is a writ of mandamus to compel the Commission's compliance with the statute[,] not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence'" (quoting Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983)); see also Heath v. U.S. Parole Comm'n, 788 F.2d 85, 89 (2d Cir. 1986) (concluding that if "dispositional review was untimely, absent prejudice or bad faith on the Commission's part, the appropriate remedy is not a writ of habeas corpus, but a writ of mandamus to compel compliance with the statute"). And, it appears that the Court has jurisdiction over this mandamus request, as the mandamus statute "confers jurisdiction on the district courts over actions . . . to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner],'" In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005), and other members of this Court have found it appropriate to entertain mandamus petitions against the Commission brought by prisoners incarcerated in facilities outside of this Court's jurisdiction, see Davis, 47 F. Supp. 3d at 65, 67–68 (considering whether a federal prisoner detained in Minnesota was entitled to mandamus relief to compel the Commission to hold an adversary parole hearing pursuant to 18 U.S.C. § 4214(c), although ultimately denying relief on non-jurisdictional grounds); see also Carmichael v. U.S. Parole Comm'n, 109 F. Supp. 3d 169, 172 (D.D.C. 2015) (same, but involving a Maryland state prisoner).[9]

---

[9] To the extent that the defendant also seeks to compel the Commission to hold an adversary parole hearing, see Def.'s Pet. at 20 (purporting to demonstrate that the defendant "request[ed] a hearing" on the February 21, 2014 detainer from the Commission), such a claim would fail. Although it is true that under 18 U.S.C. § 4214(c), "[a]nyone taken into custody by a parole violator's warrant must 'receive a revocation hearing within ninety days,'" Davis, 47 F. Supp. 3d at 67 (quoting Sutherland, 709 F.2d at 732), "the hearing requirement is not triggered until the parolee has been arrested on the parole violator warrant," id. (citing Moody v. Daggett, 429 U.S. 78, 87 (1976)); see also Carmichael, 109 F. Supp. 3d at 172 ("Until the warrant is executed and [the defendant] is in custody as a

(continued . . . )

Because the government did not address either of these challenges in its motion to transfer, and because the Court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority," Evans, 177 F. Supp. 3d at 180 (citation omitted), the Court finds it appropriate to order the government to submit further briefing as to whether this Court is the proper forum to address these two challenges before transferring any aspects of the defendant's challenges to the Southern District of Indiana.[10]

### III. CONCLUSION

For the foregoing reasons, the Court concludes that it lacks jurisdiction to entertain the defendant's habeas challenge to the effect of the February 21, 2014 detainer on his current

---

( . . . continued)
potential parole violator, neither due process, nor the [Commission's] regulations, require the [Commission] to make a prompt determination whether he violated his [parole]." (internal citations omitted)). Therefore, because the defendant's "present confinement and consequent liberty loss derive not in any sense from the outstanding parole violator warrant, but from his [convictions in this case]," Davis, 47 F. Supp. 3d at 67 (quoting Moody, 429 U.S. at 86), he is not entitled to an adversary parole hearing at this time, see id. (denying mandamus relief to compel the Commission to hold an adversary parole hearing); see also Carmichael, 109 F. Supp. 3d at 172 (same).

[10] The defendant has posed several questions to the Court regarding the consequences of the government's motion to transfer his motions to the Southern District of Indiana. See Def.'s Mot. for Clarity at 2 ("The defendant asks for clarification on whether his files and case now are in the custody of the District Court for the Southern District of Indiana?"); see also id. ("Should [d]efendant Forrest file a writ of habeas corpus in the District Court for the Southern District of Indiana?"). Because the Court has deferred ruling on the government's motion to transfer pending further briefing, the defendant's motions will remain in this Court at least until such time as that briefing is submitted, and the defendant need not re-file a separate petition in the Southern District of Indiana. After the proceedings related to the further briefing are resolved by an order of this Court, any filings related to claims that the Court concludes must be transferred to the Southern District of Indiana will be transferred automatically by the Court.

In addition, the defendant has asked the Court several questions regarding the manner in which it conducts its proceedings. As to the defendant's inquiry regarding why copies of this Court's orders that he has received by mail do not have "filing information and stamping on them," id. at 3, the defendant is advised that there is no requirement that copies of orders provided to the parties in a case be file-stamped. Furthermore, in response to the same question as to motions filed by the government, see id., the defendant is advised that there is also no requirement that copies of motions served on an opposing party be file-stamped, see generally Fed. R. Civ. P. 5(b) (governing service of motions and imposing no such requirement). Finally, as to the defendant's inquiry regarding why "th[e] government's] Motion to Transfer sent to [d]efendant Forrest [included] a copy of the Order for same that is also not file stamped, nor signed by United States District Judge [ ] Reggie B. Walton," id., the defendant is advised that the Local Rules of this Court require that parties file a "proposed order" with "[e]ach motion and opposition," Local Civil Rule 7(c) (emphasis added). These proposed orders are not orders of this Court until signed by a judge.

13

detention. However, the Court will hold in abeyance the government's motion to transfer pending further briefing from the government as to whether this Court has jurisdiction to hear the defendant's habeas challenge to the validity of the detainer and his request for mandamus relief to compel the Commission to conduct a disposition review.[11]

**SO ORDERED** this 11th day of June, 2018.

*/s/ Reggie B. Walton*
REGGIE B. WALTON
United States District Judge

---

[11] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.